NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **HARRY W. EBERLE, III, et al.,** | : | Civil Action No. 03-5809 (SRC) |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| **STEVEN HARRIS, et al.,** | : | |
| | : | **LETTER OPINION AND ORDER** |
| Defendants. | : | **[Docket Entry #17]** |
| | : | |

**BONGIOVANNI, Magistrate Judge**

This matter comes before the Court upon Motion by Defendants/Counterclaimants G. Steven Harris, Sr. and KK Manufacturing Co., Inc. (hereinafter "Defendants") seeking an order to stay the above-referenced civil action pending the United States Patent & Trademark Office's (hereinafter "PTO") reexamination of United States Patent No. 4,602,415 (hereinafter "the '415 patent") [docket entry #17]. Plaintiffs Harry W. Eberle, III and Blue Heron Enterprises, LLC (hereinafter "Plaintiffs") object to Defendants' Motion to Stay. For the foregoing reasons, this Court will grant Defendants Motion and this civil action shall be stayed pending the PTO reexamination of the '415 patent and United States Patent No. 6,851,884 (hereinafter "the '884 patent"), should the PTO decide that the '884 patent is to be reexamined as well.

**PROCEDURAL HISTORY**

On December 8, 2003, Plaintiffs filed a Complaint alleging infringement of their '415 patent. (*See* Docket Entry #1.) Defendants filed an Answer on February 18, 2004 and counterclaimed by alleging that the '415 patent is invalid, unenforceable and void. (Def.'s Br., p.

2.) This Court referred the litigation to mediation by Order dated April 29, 2004. (*See* Docket Entry #6.) On December 13, 2004, this Court was notified that mediation was unsuccessful. (*See* Docket.) Thereafter, this Court entered a Scheduling Order detailing, among other things, that fact discovery was to be completed by November 30, 2005. (*See* Docket Entry #13.)

On August 5, 2005, Defendant Harris filed a Request for Ex Parte Reexamination of the '415 patent with the PTO. (Def.'s Br., p. 2.) Defendant Harris based the request for reexamination on newly discovered prior art. (*Id*.) The PTO granted Defendant Harris' request on September 20, 2005, and indicated that a "substantial new question" of patentability and validity regarding the '415 patent had been raised. (Def.'s Br., p. 3.)

On October 3, 2005, Plaintiffs filed a Motion to Amend Complaint to add an additional patent, the '884 patent, which Plaintiffs assert is also being infringed upon by Defendants. (*See* Docket Entry #15.) On October 12, 2005, Defendants filed the instant motion. (*See* Docket Entry #17.) On or about October 20, 2005, Defendant Harris filed a second reexamination request with the PTO for the '884 patent. (Def.'s Reply Br., p. 4.) That request is currently pending before the PTO. (*Id*.) On November 23, 2005, by Court Order, Plaintiffs Motion to Amend Complaint to add the '884 patent was granted. (*See* Docket.)

**DISCUSSION**

*Ex Parte PTO Patent Reexamination*

35 U.S.C. § 302 allows any person at any time to file a request with the PTO for reexamination of any claim of a patent, on the basis of any prior art. The PTO will consider all requests for reexamination and will grant those requests that present "a substantial new question of patentability affecting any claim of the patent . . ." *See* 35 U.S.C. § 303(a). During the course

of a reexamination, the patent owner may propose any amendment to the patent in question to distinguish the invention as claimed from the prior art. 35 U.S.C. § 305. When the PTO completes the reexamination process, it will "issue and publish a certificate canceling any claim of the patent finally determined to be unpatentable, confirming any claim of the patent determined to be patentable, and incorporating in the patent any proposed amended or new claim determined to be patentable." 35 U.S.C. § 307(a). Should the patent owner be dissatisfied with the PTO's reexamination determination, he/she may appeal to the Board of Patent Appeals and Interferences, and then to the Court of Appeals for the Federal Circuit. 35 U.S.C. §§ 134(b), 141, and 306. When the appeals have terminated, or the time for such appeals has expired, the PTO will issue a reexamination certificate. 35 U.S.C. § 307(a).

***Staying Proceedings Pending PTO Reexamination***

The relevant statutes regarding PTO reexaminations, specifically Chapter 30 of Title 35, United States Code, do not expressly provide for a stay of court proceedings because "it is believed by the committee that stay provisions are unnecessary in that such power already resides with the court." Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426 (Fed.Cir.1988), quoting 1980 U.S.C.C.A.N. 6460, 6463. Congress noted its approval of district courts liberally granting stays within their discretion "to prevent costly pretrial maneuvering which attempts to circumvent the re-examination procedure." Gould v. Control Laser Corp., 705 F.2d 1340, 1342 (Fed.Cir.1983), citing H.R.Rep. No. 1307, Part I, 96th Congress, 2d Sess. (1980).

As such, courts maintain an inherent power to control and manage their dockets and stay proceedings, including stays pending conclusions of PTO reexaminations. Id. at 1342. *See also* Rohm & Hass v. Mobile Oil Company, 462 F.Supp. 732, 734 (D.Del.1978) (a motion to stay an

action pending the resolution of a related matter in the PTO is directed to the sound discretion of the court).

*Advantages/Disadvantages to Staying Proceedings Pending PTO Reexamination*

Courts have enumerated various advantages in staying a civil action pending PTO reexamination. Those advantages include: (1) a review of all prior art presented to a court by the PTO, with its particular expertise; (2) the potential alleviation of numerous discovery problems relating to prior art by PTO examination; (3) the potential dismissal of a civil action should invalidity of a patent be found by the PTO; (4) encouragement to settle based upon the outcome of the PTO reexamination; (5) an admissible record at trial from the PTO proceedings which would reduce the complexity and length of the litigation; (6) a reduction of issues, defenses and evidence during pre-trial conferences; and (7) a reduction of costs for the parties and a court. GPAC, Inc. v. D.W.W. Enterprises, Inc., 144 F.R.D. 60, 63 (D.N.J. 1992), citing Emhart Industries v. Sankyo Seiki Mfg., 3 U.S.P.Q.2d 1889, 1890, 1987 WL 6314 (N.D.Ill.1987).

Conversely, as Plaintiffs indicate in their opposition papers, a stay in litigation inevitably causes further delay in an already lengthy process, and could potentially harm Plaintiffs. Plaintiffs have a right to have their day in court, and more and more in American jurisprudence the goal is to have that day sooner rather than later.

*Determining When a Stay is Appropriate*

In determining whether a stay is appropriate, courts must consider the following factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." Xerox Corp. v. 3 Comm

Corp., 69 F.Supp.2d 404, 406 (W.D.N.Y.1999).

*Analysis*

Plaintiffs' object to Defendants' Motion to Stay Pending Patent Reexamination. Specifically, Plaintiffs argue that a stay is more typically granted in single patent cases, and that this case, pursuant to this Court's decision to allow Plaintiffs' to amend their Complaint to add an additional patent, contains two patents, one of which is not subject to PTO reexamination at this time.[1]  (Plf.'s Br., p. 3.)   Additionally, Plaintiffs argue that staying the litigation in question would unduly prejudice Plaintiffs because reexamination proceedings are lengthy and the stay would allow the ongoing injuries sustained by Plaintiffs because of Defendants' alleged infringing activities to continue *ad nauseam*.  (*Id*.)  Plaintiffs conclude by arguing that the '415 patent is not complex and therefore, will not simplify the issues before the Court.  (Plf.'s Br., p. 4.)

Defendants' reject Plaintiffs' objections and argue that Plaintiffs have not demonstrated an urgency regarding this case insofar as they have only recently propounded discovery requests. (Def.'s Reply, p. 7.)   Defendants further argue that a stay would not prejudice or disadvantage Plaintiffs, but rather, would conserve the time and resources of this Court and the parties.  (*Id*.) Defendants additionally argue that at least some of the patent claims could become moot and

---

[1] There is some question as to Plaintiffs' motives when they filed their motion to amend the complaint.  A clearer line of sight for staying a case pending PTO reexamination exists when it is only a single patent case.  Additionally, there is evidence that suggests that Plaintiffs were aware that the second patent allowed into the case was subject to potential PTO reexamination as well, and unfortunately, Plaintiffs did not offer that information to the Court during its case laden legal analysis as to why cases with multiple patents in which one patent is under reexamination should not be stayed.  Nevertheless, Defendants have advised the Court as to the status of the second patent, and the Court duly notes that information.

-5-

some if not all of the discovery conducted up to that point could become useless or would at the very least need to be revisited. (*Id.*) Defendants end by arguing that the number of patents involved in a litigation does not dictate whether a stay should be issued, and that there is no law to support Plaintiffs' position that because there are two patents, and only one is being reexamined by the PTO, that the request to stay should be denied. (*Id.* at 4.)

      The Court notes Plaintiffs' objections, and understands their perceived need to press on in this litigation. However, the Court also notes that Plaintiffs did not express that need until their opposition to Defendants' Motion was received. With one PTO reexamination granted and another potential reexamination pending, the debate is not whether or not this civil action will be affected, but rather the extent of said affect. The benefits of waiting for the PTO's reexamination(s) far outweigh the burden of waiting for their decision(s). The dynamics of the litigation in issue will potentially alter, and with that alteration, the needs of the parties, the discovery they seek, the witnesses they will name, perhaps the very basis for the litigation will change. The advantages to the Court, and more importantly the parties by staying the litigation are clear. (*See infra*, p. 4.) Avoiding duplicate work, narrowing the scope of the litigation and focusing the range of discovery are just some of the advantages that directly impact the parties regarding the effort they would need to expend, and what the costs of that effort would entail.

      As to the factors this Court must review when considering a motion to stay pending patent reexamination, the Court is confident that all are satisfied. The stay would not clearly disadvantage or prejudice Plaintiffs, but rather, it would assist the parties on many levels, including financial. The stay would also simplify the issues in this case, or potentially eliminate them. Finally, discovery has just recently begun and no trial date has been set. Therefore, all

factors have been satisfied, and as such a stay in this litigation pending PTO reexamination is appropriate.

ACCORDINGLY, IT IS, on this 7th day of December, 2005,

ORDERED that Defendants' Motion to Stay Litigation Pending PTO Reexamination is GRANTED; and it is further

ORDERED that this litigation shall be stayed pending the PTO reexamination of the '415 patent and the '884 patent, should the PTO decide that the '884 patent is to be reexamined as well.

                                                s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**